EDDIE RITCHEY *v.* KENNETH SATO,
ALSO KNOWN AS KENNETH K. SATO.

NO. 2844.

ARGUED APRIL 25, 1952.          DECIDED SEPTEMBER 4, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an action to recover damages in the sum of $6,000 from a contractor for breach of contract to construct a dwelling house for an owner in a workmanlike manner and with materials prescribed by the contract. It is brought by the plaintiff as the owner who paid the contract price of $7,600 in full to have the house so constructed. It is brought against the defendant as the contractor on the ground that he did not so construct the house.

Aside from issues of defective construction in breach of contract, the chief issues at trial were those of damages resulting from such defective construction as framed by the plaintiff's complaint and the defendant's answer of general denial. The issues of damages, so framed, were two in number. One issue involved damages to the plaintiff gauged by the amount of his "great inconvenience and expense * * * in the amount of $1,000," and the other, damages to the building measured by "the cost of correcting the defective construction * * * in the amount of $5,000," as alleged in both instances by the complaint. It is with this later issue of damages based on the cost of correction that this court is primarily concerned. Upon that issue the plaintiff, over the defendant's objection, adduced evidence as to the cost of correction and the defendant then adduced evidence in refutation thereof. The amount of damages measured by cost of correction thus became an issue under the evidence as well as under the pleadings. The issue thereof was submitted to the jury over the defendant's objection. The jury on such issue, as well as on the others, returned a general verdict in favor of the plaintiff and

assessed damages against the defendant in the sum of $2,000. In accordance therewith judgment was entered. The defendant prosecutes exceptions to this court.

The bill of exceptions contains fifty-three exceptions, upon forty-six of which the defendant expressly relies. He further relies upon thirty-seven alleged errors as set forth in a specification of errors. Those errors run to the admission and rejection of evidence, to the denial of motion for nonsuit, to the giving and refusal to give instructions and to the denial of motion for a new trial. Despite the voluminous presentation and argument upon them in an opening brief of one hundred and sixty-two pages, the specification presents but one question of law meriting consideration. That question challenges the propriety of applying one of two possibly applicable rules and favors that of applying the other in measuring damages resulting from defective construction to the plaintiff's dwelling. It is whether loss or difference in property value between the dwelling as actually constructed and its value had it been properly constructed according to the contract, even though such loss was not within the accepted issues of damages under the pleadings and not a subject of the evidence of either party, is the proper measure of damages rather than cost of correction as an issue framed by the pleadings and a subject of the evidence of both parties.

The pertinent facts and circumstances with respect to the nature and extent of the defective construction, as established by substantial evidence, need only be briefly stated. The defective construction primarily pertained to the walls and roof and consisted of work done in an unworkmanlike manner and with an improper substitution of materials. It was mostly latent in nature. It was of such character that the house could not withstand the elements and as a result of them became dangerous or useless for the purpose of a dwelling to the extent that its walls and

roof were of no practical value to shelter its occupants. This is evidenced by the effect of winds and rains in buffeting the house and in rendering it uninhabitable within a comparatively short time after completion. Nevertheless, there is further substantial evidence tending to prove that the defects of construction, even though extensive, were remediable in so far as their correction would not necessitate demolishment of the entire structure and, in the light of the uninhabitable condition to be remedied, would not constitute an unreasonable destruction of the work done. In correlation, such evidence tended to prove that the cost of correcting those defects, even though substantial, would not be grossly and unfairly disproportionate to the result of having an uninhabitable house made habitable in accordance with the contract.

Mr. Justice Cardozo, speaking for the Court of Appeals of New York in *Jacob & Youngs* v. *Kent,* 230 N. Y. 239, 129 N. E. 889, 891, laid down the rule of cost of correction or completion which has been adopted by the overwhelming great weight of authority and is peculiarly applicable to this case. He said: "It is true that in most cases the cost of replacement is the measure * * *. The owner is entitled to the money which will permit him to complete, unless the cost of completion is grossly and unfairly out of proportion to the good to be attained. When that is true, the measure is the difference in value." Thus, only if the cost of correction is grossly and unfairly disproportionate to the good to be attained does the rule of difference or loss in property value become applicable at all. With this test in mind, the propriety of applying the measure of damages based on the cost of correction or completion is especially clear where correction or completion would not involve unreasonable destruction of the work done and the cost thereof would not be grossly disproportionate to the results to be obtained. (See 123 A. L. R. 520, par. II [a] for exhaustive

collection of authorities in cases of defective construction upon land of owner.)

The evidence of damages as to the cost of correction ranged in amount from the sum of $5,000 as alleged in the complaint to the zero point as answered by general denial. A comparable conflict existed in the evidence as to great inconvenience and expense alleged by the complaint, but denied by the answer, to be in the sum of $1,000. Those conflicts, however, were resolved by the general verdict in assessing damages in the sum of $2,000, which thereby not only determined the issue of damages measured by cost of correction but that of damages measured by great inconvenience and expense. Nevertheless, that sum will be deemed for the purposes of this opinion to represent only the cost of correction as an ultimate finding of the jury in measuring damages to the building, even though it constitutes in part the finding of the jury relating to the amount of the plaintiff's great inconvenience and expense. But neither is such sum, so deemed, nor would the sum of $5,000 be grossly and unfairly out of proportion to the good to be attained in permitting the plaintiff to make his dwelling habitable, for which he had bargained and paid $7,600. Such being the case, the rule of loss in property value is patently inapplicable and evidence of that loss would have been immaterial had it been offered or adduced. This is not a case where cost of correction within the level of $5,000 would not fairly compensate the owner as damages or where the defects to be corrected by it are such that they cannot be remedied without unreasonable destruction of some substantial part of the benefit which the owner's property has received by reason of the contractor's work. Nor is it a case where an award of $2,000 as the cost of correction would place the owner in a better position than would have been the case had the contractor not breached the contract. On the contrary, it is a case of fair compen-

sation where correction is necessary to render the house safe and usable without the cost thereof being grossly disproportionate to those results which would be obtained thereby. It therefore is a case for the application of the general rule in measuring damages based on cost of correction.

The plaintiff's real interest is not in having any loss in property value restored so as to offset a corresponding loss on a possible resale. Rather, it is in having defective construction corrected so that he and his family may obtain the benefit of a properly performed contract and live in a properly constructed house as a dwelling. Consistent therewith, the aim of the law underlying the rule of cost of correction in such a case is to place the owner in as good a position as if the contract had been kept, which entitles him to the equivalent of the performance he bargained for, irrespective of market value. This is in contradistinction to tort cases where there is damage to property and the injured party is allowed to recover simply the loss in property value. Nor has the defendant any proper concern with loss in property value caused by his breach of contract. Even if he had, he would be in no position to urge it as the measure of the plaintiff's damages where, as here, that loss was neither established by the evidence nor offered to be proved by the defendant. There is thus no reasonable basis in the record for a comparison of results between the application of one rule with that of the other and nothing from which it can be reasonably inferred that one rule would be harsher upon the defendant than would the other or that the damages as actually measured by cost of correction would exceed in amount damages had they been measured by loss in property value. Nor was there any evidentiary basis therein upon which to instruct the jury upon the rule of loss in property value as the measure of damages. Upon this state of the record it borders on the

frivolous for the defendant to assert on appeal that he is aggrieved by the application of the only rule which was involved as an accepted issue under the pleadings and upon which evidence was adduced. Under the pleadings and upon the evidence the appropriate rule, as well as the only one capable of being applied in this case, was the general rule that damages be measured by the cost of correction. That rule, therefore, controls and the question challenging the propriety of applying it to measure damages is answered in the negative.

On review of the record, all the alleged errors relied upon by the defendant are found to be without merit by this court, which further finds that no prejudicial error was committed below against the defendant in any respect.

Exceptions overruled.

*E. E. Wiles* (*Mirikitani & Wiles* on the briefs) for appellant.

*D. N. Ingman* (also on the brief) for appellee.